```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
    UNITED STATES OF AMERICA,                              :
                                                           :
                         -v-                               :     1:21-cr-183-GHW
                                                           :
    KASSEM HIJAZI,                                         :     ORDER
                                                           :
                                    Defendant.             :
                                                           :
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/2023

GREGORY H. WOODS, United States District Judge:

Claimants Lucas Lima and Lima Business USA Corp. (the "Claimants") filed an application for the return of seized property under Rule 41(g) of the Federal Rules of Criminal Procedure in the above-captioned criminal proceeding. Dkt. No. 29. Through their application, the Claimants seek the return of $286,324.59 that their counsel asserts was seized from their bank account. *Id.*

On March 16, 2021, the government obtained an indictment against Defendant. Dkt. No. 1. On February 21, 2023, at the time of the guilty plea, and on consent of the parties, the Court entered a preliminary order of forfeiture. *See* Dkt. No. 20 (the "Order"). The Order provided for the forfeiture of various property, including "$274,344 in United States currency formerly on deposit at Wells Fargo in account number 8462914311 held in the name of Lima Business USA Corp." *Id.* at 3.

"It is well established that third parties may not intervene during criminal forfeiture proceedings to assert their interests in the property being forfeited." *DSI Assocs. LLC v. United States,* 496 F.3d 175, 183–84 (2d Cir. 2007) (citing 21 U.S.C. § 853(k)). "Rule 32.2 of the Federal Rules of Criminal Procedure, which pertains to procedures related to criminal forfeiture, also prohibits a third party from 'object[ing] to [a] final [forfeiture] order on the ground that the third party had an interest in the property.'" *Id.* (quoting Fed. R. Crim. P. 32.2(c)(2)). "It is similarly well

settled that section 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets—after the preliminary forfeiture order has been entered." *Id.*

The Second Circuit has "recognized that [a]n ancillary proceeding [under § 853(n)] is evidently the *only* avenue for a post-indictment third-party claim to forfeited property, because the statutory scheme bars commencement of 'an action at law or equity against the United States concerning the validity of [a third party's] alleged interest in the property . . . subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.'" *Id.* (quoting *De Almeida v. United States,* 459 F.3d 377, 381 (2d Cir. 2006); *see also Libretti v. United States,* 516 U.S. 29, 44, 116 S. Ct. 356, 133 L.Ed.2d 271 (1995) ("Once the government has secured a stipulation as to forfeitability, third-party claimants can establish their entitlement to a return of the assets only by means of the hearing afforded under 21 U.S.C. § 853(n)").

Notwithstanding these well-established principles, the Claimants filed a motion under Federal Rule of Criminal Procedure 41(g). Because the motion was filed after the indictment and entry of a forfeiture order, the motion is barred by 21 U.S.C. § 853(k).

Separately, the Court directs counsel for the Claimants to contact the ECF Help Desk. Counsel for the Claimants appears on the docket as a representative of the United States: that is incorrect. Because intervention is not permitted under the statute, the Court questions whether counsel may properly be designated as an intervening party on the docket.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 29.

SO ORDERED.

Dated: June 20, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge