USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/27/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA

    - v. -

KASSEM HIJAZI,

    Defendant.

------------------------------------- x

AMENDED CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY/ MONEY JUDGMENT

21 Cr. 183 (GHW)

WHEREAS, on or about March 16, 2021, KASSEM HIJAZI (the "Defendant") was charged in a five-count Indictment, 21 Cr. 183 (GHW) (the "Indictment"), with money laundering, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2 (Counts One and Two); operation of an unlicensed money transmittal business, in violation of Title 18, United States Code, Sections 1960 and 2 (Count Three); and international money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2 (Counts Four and Five);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real or personal, involved in the offenses alleged in Counts One through Five of the Indictment, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offenses charged in Counts One through Five of the Indictment, and various specific property;

WHEREAS, on or about August 23, 2021, seizure warrants were issued by the Hon. Kevin Nathaniel Fox, United States Magistrate Judge, authorizing the Government to seize various bank accounts in connection with this investigation (the "Seizure Warrants");

WHEREAS, pursuant to the Seizure Warrants, the Government seized the following:

a. $89,134.84 in United States currency formerly on deposit at Metropolitan Commercial Bank in account number 1099003288 held in the name of Unlimited PCS LLC;

b. $56,807.33 in United States currency formerly on deposit at Citizens Bank in account number 4533498581 held in the name of Unlimited PCS LLC;

c. $774,326.80 in United States currency formerly on deposit at First Bank Florida in account number 114014602 held in the name of W2 Cellular, Inc;

d. $567,188.48 in United States currency formerly on deposit at Wells Fargo in account number 8810444938 held in the name of Best Contracting Services & Trading LLC;

e. $5,147.04 in United States currency formerly on deposit at JP Morgan Chase in account number 593583633 held in the name of HD Trading LLC;

f. $164,274.93 in United States currency formerly on deposit at Bank of America in account number 898080830033 held in the name of Transporte CDC SA Inc;

g. $209,955.48 in United States currency formerly on deposit at Citizens Bank in account number 4533514293 held in the name of AE Trading Inc;

h. $18,901.19 in United States currency formerly on deposit at First Horizons in account number 220002008776 held in the name of Fenner Tenamac, Inc;

i. $75,645.50 in United States currency formerly on deposit at BBVA in account number 6793128140 held in the name of Fenner Tenamac, Inc;

j. $432,015.00 in United States currency formerly on deposit at First Horizons in account number 220002544556 held in the name of MZ Electronics, Inc.;

k. $70,115.21 in United States currency formerly on deposit at Amerasia Bank in account number 31103576 held in the name of MZ Electronics, Inc.;

l. $286,324.59 in United States currency formerly on deposit at Wells Fargo in account number 8462914311 held in the name of Lima Business USA Corp;

m. $2,068,474.36 in United States currency formerly on deposit at TD Bank in account number 4362213880 held in the name of Abamo Electronics Inc;

  n. $57,228.12 in United States currency formerly on deposit at JP Morgan Chase in account number 265285970 held in the name of Lu Trading Inc.;

  o. $50,579.56 in United States currency formerly on deposit at Regions Bank in account number 246648208 held in the name of Lu Trading Inc.;

(a. through o., collectively, the "Specific Property");

  WHEREAS, on or about February 17, 2023, the Defendant pled guilty to Count Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Three of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money equal to $248,628 in United States currency, representing property involved in the offense charged in Count Three of the Indictment;

  WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $246,628 in United States currency, representing the amount of property involved in the offense charged in Count Three of the Indictment, subject to the provisions for payment specified below;

  WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitute property involved in the offense charged in Count Three of the Indictment;

  WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count Three of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

  WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its

possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Sarah Mortazavi, of counsel, and the Defendant and his counsel, Edward Sapone, Esq., that:

1. As a result of the offense charged in Count Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $248,628 in United States currency (the "Money Judgment"), representing the amount of property involved in the offense charged in Count Three of the Indictment, shall be entered against the Defendant, and shall be remitted by the Defendant on or before the date of the Defendant's sentencing in this matter.

2. As a result of the offenses charged in Count Three of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant KASSEM HIJAZI, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. United States Customs and Border Protection shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances

of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

11. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:  /s/ Sarah Mortazavi                     3/7/2023
     SARAH MORTAZAVI                         DATE
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, NY 10007
     (212) 637-2520

KASSEM HIJAZI

By:  _____             6/27/23
     KASSEM HIJAZI                           DATE

By:  _____             6/27/23
     EDWARD SAPONE, ESQ.                     DATE
     Attorney for Defendant
     Sapone & Petrillo, LLP
     40 Fulton Street, 17th Floor
     New York, NY 10038

SO ORDERED:

_____                  June 27, 2023
HONORABLE GREGORY H. WOODS                   DATE
UNITED STATES DISTRICT JUDGE