```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
  :
UNITED STATES OF AMERICA  :   **FINAL ORDER OF**
  :   **FORFEITURE**
         -v.-  :
  :   21 Cr. 183 (GHW)
KASSEM HIJAZI,  :
  :
         Defendant.  :
  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about March 16, 2021, KASSEM HIJAZI (the "Defendant"), was charged in a five-count Indictment, 21 Cr. 183 (GHW) (the "Indictment"), with money laundering, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2 (Counts One and Two); operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Sections 1960 and 2 (Count Three); and international money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2 (Counts Four and Five);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real or personal, involved in the offenses alleged in Counts One through Five of the Indictment, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offenses charged in Counts One through Five of the Indictment and various specific property;

WHEREAS, on or about February 17, 2023, the Defendant pled guilty to Count Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Three of the Indictment;

WHEREAS, on or about February 21, 2023, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, which, *inter alia,* forfeited to the United States various specific property (D.E. 20);

WHEREAS, on or about June 27, 2023, the Court entered an Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (D.E. 39) (the "Preliminary Order of Forfeiture"), which forfeited to the United States, all right, title and interest of the Defendant in the following specific property:

a. $89,134.84 in United States currency formerly on deposit at Metropolitan Commercial Bank in account number 1099003288 held in the name of Unlimited PCS LLC;

b. $56,807.33 in United States currency formerly on deposit at Citizens Bank in account number 4533498581 held in the name of Unlimited PCS LLC;

c. $774,326.80 in United States currency formerly on deposit at First Bank Florida in account number 114014602 held in the name of W2 Cellular, Inc;

d. $567,188.48 in United States currency formerly on deposit at Wells Fargo in account number 8810444938 held in the name of Best Contracting Services & Trading LLC;

e. $5,147.04 in United States currency formerly on deposit at JP Morgan Chase in account number 593583633 held in the name of HD Trading LLC;

f. $164,274.93 in United States currency formerly on deposit at Bank of America in account number 898080830033 held in the name of Transporte CDC SA Inc;

g. $209,955.48 in United States currency formerly on deposit at Citizens Bank in account number 4533514293 held in the name of AE Trading Inc;

h. $18,901.19 in United States currency formerly on deposit at First Horizons in account number 220002008776 held in the name of Fenner Tenamac, Inc;

i. $75,645.50 in United States currency formerly on deposit at BBVA in account number 6793128140 held in the name of Fenner Tenamac, Inc;

j. $432,015.00 in United States currency formerly on deposit at First Horizons in account number 220002544556 held in the name of MZ Electronics, Inc.;

  k.   $70,115.21 in United States currency formerly on deposit at Amerasia Bank in account number 31103576 held in the name of MZ Electronics, Inc.;

  l.   $286,324.59 in United States currency formerly on deposit at Wells Fargo in account number 8462914311 held in the name of Lima Business USA Corp (the "Contested Property");

  m.   $2,068,474.36 in United States currency formerly on deposit at TD Bank in account number 4362213880 held in the name of Abamo Electronics Inc;

  n.   $57,228.12 in United States currency formerly on deposit at JP Morgan Chase in account number 265285970 held in the name of Lu Trading Inc.;

  o.   $50,579.56 in United States currency formerly on deposit at Regions Bank in account number 246648208 held in the name of Lu Trading Inc.;

(a. through o., collectively, the "Specific Property" and, as to l. only, the "Contested Property");

  WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

  WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site ([www.forfeiture.gov](www.forfeiture.gov)) beginning on July 15, 2023, for thirty (30) consecutive days, through August 13, 2023, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on October 19, 2023 (D.E. 48);

WHEREAS, on or about July 11, 2023, notice of the Preliminary Order of Forfeiture was sent to the following individuals:

 a. Lucas Lima Da Silva, Pompano Beach, Florida;

 b. Peter S. Herrick, pssherrick@gmail.com, on behalf of his client Lucas Lima & Lima Business USA Corp.;

 c. Youssef Ibrahim Herez, Abamo Electronics, ███████;

 d. Ali El-Amine, AE Trading, ███████;

 e. Maykon Santos DeOliviera, Best Contracting Services and Trading, ███████;

 f. Nicolas Eduardo Concorda & Mariano Uz, Fenner Tennemac Inc., ███████;

 g. Nicolas Eduardo Concorda, Fenner Tennemac Inc., ███████;

 h. Emerson Cordeiro Da R, Garden Builders Inc., ███████;

 i. Aloisio S. Ribeiro Da Costa, HD Trading LLC, ███████;

 j. Luciana de Araujo, Lu Trading Inc., ███████;

4

k. Marchelo Bordini & Symone de Oliveira Bordini, MB Tech Investments LLC, ███████████████████;

l. Silvina Avellaneda & David Alfonso Lopez, MZ Electronics Inc., ███████████████████;

m. Luiz G. Stelzer & Antonio Arrudo Junior, RDR Express Import and Export LLC, ███████████████████;

n. Luis G. Stelzer, RDR Express Import and Export LLC, ███████████████████;

o. Daniel Zaffiro, Transporte CDC SA Inc., ███████████████████;

p. Mohamad Jaghbir, Unlimited PCS, ███████████████████; and

q. Samir Hadi Rached, W2 Cellular Inc., ███████████████████

(a. through q., the "Noticed Parties");

WHEREAS, on or about June 26, 2023, Lucas Lima, individually and on behalf of Lima Business USA Corp. (the "Petitioner"), through his counsel, filed a Petition asserting an interest in the Contested Property (the "Petition") (D.E. 38);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and with the exception of the Petition, no other petitions or claims to contest the forfeiture of the Specific Property, including the Contested Property, have been filed;

WHEREAS, the Defendant and the Noticed Parties are the only people and/or entities known by the Government to have a potential interest in the Specific Property, including the Contested Property; and

WHEREAS, the Government and the Petitioner have agreed, in order to avoid further litigation, to resolve the Petitioner's claim to the Contested Property pursuant to a

5

stipulation of settlement disposing of the Petitioner's claim to the Contested Property (the "Stipulation") (D.E. 46-1); and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. Subject to the terms of the Stipulation, all right, title and interest in 40% of the Contested Property, to wit, $114,529.83, as well as all right, title and interest in the remainder of the Specific Property (together, the "Forfeited Property") is hereby forfeited and vested in the United States of America and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Forfeited Property.

3. The United States Customs and Border Protection (or its designee) shall take possession of the Forfeited Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
      October 20, 2023

SO ORDERED:

_____
HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE