```
                                              USDC SDNY
                                              DOCUMENT
                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                  DOC #:
SOUTHERN DISTRICT OF NEW YORK                 DATE FILED: 1/9/2024
------------------------------------- X
                                      :
UNITED STATES OF AMERICA              :   STIPULATION FOR THE
                                      :   PARTIAL VACATUR OF THE
            -v.-                      :   FINAL ORDER OF
                                      :   FORFEITURE AS TO
KASSEM HIJAZI,                        :   CERTAIN PROPERTY
                                      :
            Defendant.                :   21 Cr. 183 (GHW)
                                      :
------------------------------------- X
```

WHEREAS, on or about June 27, 2023, the Court entered an Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (D.E. 39) (the "Preliminary Order of Forfeiture"), which forfeited to the United States, all right, title and interest of the Defendant in, *inter alia*, the following specific property:

a.  2,068,474.36 in United States currency formerly on deposit at TD Bank in account number 4362213880 held in the name of Abamo Electronics Inc. (the "Abamo Account");

b.  $57,228.12 in United States currency formerly on deposit at JP Morgan Chase in account number 265285970 held in the name of Lu Trading Inc.; and

c.  $50,579.56 in United States currency formerly on deposit at Regions Bank in account number 246648208 held in the name of Lu Trading Inc. (the "Lu Trading Accounts").

(the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written

notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on July 15, 2023, for thirty (30) consecutive days, through August 13, 2023, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on October 19, 2023 (D.E. 48);

WHEREAS, on or about July 11, 2023, notice of the Preliminary Order of Forfeiture was sent to, among others, the following individuals:

    a. Youssef Ibrahim Herez, Abamo Electronics, 13835 SW 67th Place, Miami, Florida 33158;

    b. Luciana de Araujo, Lu Trading Inc., 1191 E. Newport Center Drive, Deerfield Beach, FL, 33432

(the "Notice Letters");

WHEREAS, after thirty (30) days having expired since final publication of the Notice of Forfeiture and no other petitions or claims to contest the forfeiture of the Subject Property, having been filed the Government sought a Final Order of Forfeiture for, *inter alia*, the Subject Property;

Doc ID: e8c1b9b30ce0f5abcd87f351575417ef46f9ca65

WHEREAS, on or about October 20, 2023, the Court entered a Final Order of Forfeiture, forfeiting, *inter alia*, the Subject Property Government;

WHEREAS, the Government was notified by counsel of Abamo Electronics, Inc. ("Abamo") that it had not received notice of the Preliminary Order of Forfeiture;

WHEREAS, the Government was notified by counsel of Lu Trading, Inc. ("Lu Trading", together with Abamo, the "Petitioners") that it had not received notice of the Preliminary Order of Forfeiture;

WHEREAS, subsequent to the entry of the Final Order of Forfeiture the Government determined that the Notice Letters were not in fact successfully delivered to the respective parties;

WHEREAS, Abamo has advised the Government of its interest in the Abamo Account;

WHEREAS, Lu Trading has advised the Government of its interest in the Lu Trading Accounts; and

WHEREAS, the Government and the Petitioners have agreed, in order to avoid further litigation, to vacate the Final Order of Forfeiture with respect to the Subject Accounts as set forth below.

IT IS HEREBY STIPULATED AND AGREED AND ORDERED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Emily Deininger and Sarah Mortazavi, of counsel, and Abamo and its counsel, Diego Weiner, Esq., and Lu Trading and its counsel Yisel Villar, Esq. that:

1. The Final Order of Forfeiture is hereby vacated solely with respect to the Subject Accounts.

Doc ID: e8c1b9b30ce0f5abcd87f351575417ef46f9ca65

2. The Final Order of Forfeiture shall remain in full force and effect in all other aspects.

3. The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Final Order of Forfeiture.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

4

4.  The signature page of this Stipulation for the Partial Vacatur of the Final Order of Forfeiture as to Certain Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signature pages may be by fax or scanned and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: _____       Jan. 4, 2024
    EMILY DEININGER                    DATE
    SARAH MORTAZAVI
    Assistant United States Attorneys
    Southern District of New York
    One Saint Andrew's Plaza
    New York, NY 10007

LU TRADING INC., *Petitioner*

By: _____       01 / 03 / 2024
                                       DATE

By: _____       01/03/2024
    YISEL VILLAR, ESQ.                 DATE
    *Attorney for Petitioner Lu Trading, Inc.*
    Jeffrey S. Weiner, P.A.
    Two Datran Center, Suite 1910
    9130 South Dadeland Boulevard
    Miami, Florida 33156-7858

[SIGNATURES CONTINUE ON FOLLOWING PAGE]

ABAMO ELECTRONICS, INC., *Petitioner*

By: _____       01 / 04 / 2024
                                   DATE

By: _____       01/04/2024
DIEGO WEINER, ESQ.                 DATE
*Attorney for Petitioner*
*Abamo Electronics, Inc.*
Jeffrey S. Weiner, P.A.
Two Datran Center, Suite 1910
9130 South Dadeland Boulevard
Miami, Florida 33156-7858

SO ORDERED:

_____           January 5, 2024
HONORABLE GREGORY H. WOODS         DATE
UNITED STATES DISTRICT JUDGE

6

Doc ID: e8c1b9b30ce0f5abcd87f351575417ef46f9ca65